IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN BLUE,

                        Plaintiff,                    OPINION AND ORDER

    v.

                                                  09-cv-395-wmc

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 159,

                        Defendant.

---

        The parties have filed motions in limine in advance of the scheduled August 2nd trial on plaintiff's claim that IBEW Local 159 retaliated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3, and 42 U.S.C. § 1981. This order resolves those motions, as well as addresses some additional housekeeping matters in advance of the final pretrial conference now scheduled to proceed in courtroom 250 at 2:00 p.m. on Thursday, July 29th.

## I.    Defendant's Motions in Limine

        Defendant moves to exclude evidence of any emotional and psychological damages allegedly suffered by plaintiff. Dkt. #41. That motion will be denied for two reasons. First, defendant fails to cite any legal authority to support its contention that defendant needs a medical expert to testify regarding such damages. Indeed, the Court of Appeals for the Seventh Circuit has explained that the opposite is true: a plaintiff's request for damages for emotional distress may be sufficiently supported by the plaintiff's testimony alone. *Pickett v. Sheridan Health Care Center*, No. 09-3028, 2010 WL 2541186, at *10 (7th Cir. June 25,

2010) (citations omitted). Second, plaintiff timely named her treating physician, Colleen Wolff P.A., as an expert witness on this subject on December 14, 2009.

Defendant also moves to exclude information from both grievances plaintiff filed with her union (dkt. #42) and the file created in investigating plaintiff's complaint filed with the Madison Equal Opportunity Commission (dkt. #43). Those motions will be granted in part and denied in part. While the court will not grant a blanket request that all information from grievances or the MEOC file be excluded, there will be a general presumption against the admission of such information. An exception exists, and to this extent defendant's motion will be denied, for the general subject matter of each grievance and complaint, as well as the dates of plaintiff's filings, which are directly relevant to plaintiff's retaliation claim and will be admitted.

Not only is the relevance of additional information (beyond the fact and timing of the filing of such grievances and complaints) questionable, but any probative value of such information is likely to be substantially outweighed by the unfair prejudice defendant could suffer. It is each juror's duty to weigh the merits of any adverse actions against plaintiff and information regarding actions taken with respect to plaintiff's grievances or the MEOC complaint, which were judged on different legal standards, could be given undue and inappropriate weight as well as open the door to a trial within a trial. Should plaintiff believe additional information regarding these grievances or the MEOC complaint is relevant, probative and not outweighed by potential prejudice, plaintiff must make a specific offer of proof outside the presence of the jury well in advance of its introduction at trial.

Finally, defendant seeks to exclude statements Mark Hoffman made about his belief that plaintiff had been discriminated and retaliated against by defendant. Dkt. #44. This motion will also be denied in part and granted in part. First, Hoffman need not testify as an expert to share his lay opinion about what he perceived to be defendant's treatment of plaintiff. *See* Fed. R. Evid. 701. Second, once Hoffman was elected business manager of Local 159, his statements about plaintiff being discriminated and retaliated against are admissible admissions by a party opponent, as he spoke as a representative or agent of defendant on a matter then within his scope of employment. *See* Fed. R. Evid. 801(2)(D).

The statements Hoffman made while running as a candidate for the office of business manager, however, will be excluded. Those statements are not admissions by a party opponent because Hoffman was not speaking in a position of authority for Local 159 or within the scope of his employment at that time.

II.  **Plaintiff's Motion in Limine**

Plaintiff has moved to keep defendant from introducing any evidence, testimony or argument concerning settlement. Dkt. #46. Defendant does not object or oppose that motion, which is unsurprising in light of Fed. R. Evid. 408. Accordingly, plaintiff's motion in limine will be granted.

III. **Acting in Accordance with this Order**

Both parties are admonished to instruct their witnesses regarding testimony on subjects excluded by this order. The offering party will suffer the consequences resulting

3

from the introduction of a witness's testimony in violation of this order, including a strongly-worded, currative instruction where appropriate.

IV.     **Expert Qualifications and Use of Deposition Transcripts**

On or before noon on Thursday, July 29th, the parties shall provide opposing counsel and the court:

(a)   A short, written narrative statement of each expert's background and experience. These statements will be read to the jury and no proof will be received on the matters covered unless objection to the narrative statement is filed.

(b)   A list of portions of depositions, to be offered at trial, by page and line references for witnesses unavailable at trial. Extensive reading from depositions is strongly discouraged. Toward that end, the proponent of a deposition may -- though is not required -- to prepare a written narrative summary of some or all deposition transcripts the party intends to offer into evidence, with annotated page and line references in parenthesis after each sentence, in lieu of part or all of the narrative of questions and answers.

ORDER

IT IS ORDERED that:

(1)   Defendant's motion to exclude emotional and/or psychological evidence for damages (dkt. #41) is DENIED;

(2)   Defendant's motions to exclude information about plaintiff's grievances (dkt. #42) and to exclude information from plaintiff's MEOC file (dkt. #43) are GRANTED IN PART and DENIED IN PART in accordance with the conditions explained in the opinion above;

(3)   Defendant's motion to exclude statements by Mark Hoffman (dkt. #44) regarding alleged discrimination and retaliation against plaintiff is DENIED with respect to Hoffman's statements made after being elected the business manager of Local 159 and GRANTED with respect to Hoffman's statements made while running as a candidate for the office of business manager;

(4) Plaintiff's motion in limine to preclude defendant from introducing evidence concerning settlement discussions (dkt. #46) is GRANTED; and

(5) The parties shall file expert qualifications in narrative form and citations to deposition transcripts expected to be offered at trial in accordance with the requirements explained above.

Entered this 27th day of July, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge