IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN BLUE,

                        Plaintiff,                    OPINION AND ORDER

v.

                                                         09-cv-395-wmc

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL 159,

                        Defendant.

---

On July 29, 2010, the court held a pretrial conference to address various issues, including the parties' objections to the admission of certain proposed exhibits. Among those exhibits on which the court reserved ruling were (1) documents related to the Madison Equal Opportunities Commission ("MEOC") case involving Alexander Phillip, (the "Phillips Exhibits") and (2) exhibits containing handwritten notes of Billy Harrelson, the former business manager of defendant IBEW Local 159, who is now deceased. After arguments and an opportunity for additional briefing, the court is now prepared to rule on the general admissibility of these two sets of exhibits. The Phillips Exhibits (Exs. 2, 5, and 22) will be admitted. The exhibits containing handwritten notes of Billy Harrelson (Exs. 536, 537b, 538, 555-560) will also be admitted. As to both sets of exhibits, the court will still consider proposed redactions or curative instructions suggested by the parties in order to reduce any prejudicial tendencies or to address their limited use by the jury. Lastly, defendant's unopposed motion to take Michael Killian's testimony telephonically is granted.

OPINION

A.     **Exhibits Concerning Phillips MEOC's Proceeding (Exs. 2, 5 and 22)**

As set forth in more detail in the court's order denying defendant's motion for summary judgment (*see* dkt. #39), Blue alleges that Local 159 retaliated against her after she spoke out against alleged racial discrimination. Specifically, Blue claims retaliation based on her (1) questioning Harrelson about the denial of union membership to Alexander Phillips on the basis of his race and (2) providing information to the MEOC regarding Phillips' January 17, 2006 complaint.

Blue seeks admission of Exhibit 2, the Phillips' MEOC complaint; Exhibit 5, Blue's response to the MEOC questionnaire regarding the Phillips' complaint; and Exhibit 22, the MEOC's Initial Determination of Probable Cause in the Phillips' case.[1] Plaintiff argues that these exhibits are relevant to Harrelson's motive to retaliate against Blue. Defendant opposes the admission of these exhibits on: (1) Federal Rule of Evidence 404(b) grounds, arguing that one cannot offer prior bad acts to show a defendant's state of mind, and (2) Rule 403 grounds, arguing that the probative value of Phillips' discrimination allegations would be substantially outweighed by the danger of unfair prejudice to Local 159.

Defendant's Rule 404(b) objection would be well-founded if this evidence were being offered to prove that Mr. Harrelson's conduct towards Blue conforms with his earlier treatment of Phillips. But it is not being offered for that purpose. Rather, it is

---

[1] Exhibit 23, The Notice of Hearing for the Phillips' MEOC Proceeding, also concerns the Phillips' case. The court has already admitted this exhibit on the grounds that there is no prejudicial content.

2

being offered as proof of motive, which Rule 404(b) expressly permits. As explained below, motive is very much at issue here.

In order to prove her retaliation claim, Blue must demonstrate a causal connection between her protected activities and the adverse actions. *Hobbs v. City of Chicago*, 573 F.3d 454, 463 (7th Cir. 2009). The Phillips Exhibits are relevant to the issue of Harrelson's motivation to retaliate against her and, in-turn, are probative of causation. The Fourth Circuit in *Buckley v. Mukasey*, 538 F.3d 306 (4th Cir. 2008), considered admission of similar evidence -- namely evidence of a prior discrimination case that formed the basis of the plaintiff's retaliation claim. The appellate court reversed the district court's ruling excluding the evidence, finding that it was relevant "to demonstrate *retaliatory* animus, as [the plaintiff] was required to do to prevail on her retaliation claims." 538 F.3d at 318 (emphasis in original, internal citation omitted). Similar to Blue's planned use of the Phillips' MEOC proceeding, plaintiff Buckley sought to use the evidence of the prior class action to show that "the pendency of [the class action] and the long history of its burden on DEA weighed heavily on the minds of the principal decision-makers, and that, ultimately, those decisions-makers failed to promote Buckley because of her involvement in the litigation." *Id.* (internal citation omitted).

In reversing the district court's order excluding this evidence, the Fourth Circuit held that "the court prevented Buckley from demonstrating why her participation in that litigation so rankled the DEA decisionmakers that they were provoked to retaliate against her." *Id. See also Morris v. Washington Metro. Area Transit Auth.*, 702 F.2d 1037, 1044-45 (D.C. Cir. 1983) ("To the extent that the content of those complaints, as distinct from

3

the mere fact of their having been voiced, makes it more or less likely that Morris was discharged because he exercised his right to speak, that content will be relevant and admissible on the question of motivation.").

Here, the court agrees that the Phillip Exhibits could be prejudicial to defendant, but not unfairly so. "To warrant exclusion under Rule 403, the 'probative value [of evidence] must be insignificant compared to its inflammatory nature so that the evidence *unfairly* prejudices the defendant.'" *United States v. Gorman*, No. 09-3010, slip op. at 19 (7th Cir. July 28, 2010) (quoting *United States v. Gougis*, 432 F.3d 735, 743 (7th Cir. 2005)) (emphasis in original). When the evidence at issue is "significantly probative" -- as is the case here -- courts are "more prone to 'tolerate some risk of prejudice.'" *Gorman*, slip op. at 19 (quoting *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008)).

**B.      Harrelson's Handwritten Notes (Exs. 536, 537b, 538, 555-560)**

Local 159 seeks admission of several exhibits containing the handwritten notes of Harrelson. Blue objects to the admission of these exhibits on the basis of lack of foundation and hearsay. Defendant asserts that it will establish that these are indeed Harrelson's contemporaneous notes through testimony and that the records are excepted from the hearsay rule as business records under Federal Rule of Evidence 803(6), declarations of an unavailable witness under Rule 804, and certified domestic records of regularly conducted activity under Rule 902(11).

The assertion that these handwritten notes are business records fails on this record. As an initial matter, and most obviously, there is nothing in the documents

4

themselves to indicate when or why these notes were created, much less that they reflect a regular business practice of Mr. Harrelson's. On the contrary, they appear to be unique handwritten notes Mr. Harrelson began to make with respect to the very dispute now in suit. For the same reason, Rule 902(11) does not apply.

Defendant continues to rely on Rule 804 in his brief in support of admission of Harrelson's handwritten notes, ignoring the requirement that the hearsay exception for an unavailable declarant as defined in Rule 804(a) is only applicable if Rule 804(b) applies. The court has already ruled that none of the Rule 804(b) hearsay exceptions apply to Harrelson's handwritten notes. Just as at yesterday's hearing, defendant can point to no applicable exception under 804(b) and, absent such showing, the notes are not admissible under 804.

Assuming the defendant can establish the proper foundation at trial (and this could be insurmountable because there are no dates or other indicators of when some of these documents were created and for what reason), the court will admit these exhibits to the extent that they are offered to demonstrate Harrelson's state of mind, but not to prove the truth of the matters asserted. Fed. R. Evid. 801.

Even if the exhibits were offered to prove the truth of the matters asserted, the court would be inclined to admit the exhibits if Local 159 can demonstrate that the hearsay "statement is offered as evidence of a material fact" and that the statement is "more probative on the point for which it is offered than any other evidence which [Local 159] can procure through reasonable efforts." Fed. R. Evid. 807. Here, where Harrelson

has passed away and therefore is not available to testify, the exclusion of hearsay in these exhibits may be unfair to the defendant.

**C.  Motion to Take Michael Killian's Testimony Telephonically**

Local 159 also filed a motion yesterday to take Michael Killian's testimony telephonically because he is out of the state and not able to by physically present at trial (dkt. #72), which the plaintiff does not oppose (dkt. #77).  The court will, therefore, grant that motion.

ORDER

IT IS ORDERED that:

1) Exhibits 2, 5, and 22 are ADMITTED;

2) Exhibits 536, 537b, 538 and 555-560 are ADMITTED to the extent that they are not offered for the truth of the matters asserted; and

3) Defendant's motion to take Michael Killian's testimony telephonically (dkt. #72) is GRANTED.

Entered this 30th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge